UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Stanislaw F. Kapusta,                              Case No. 10-40163-PJS
                                                            Chapter 7
                        Debtor.                 Hon. Phillip J. Shefferly
_____/

## ORDER DENYING TRUSTEE'S MOTION FOR RECONSIDERATION

On April 23, 2010, the Court held a hearing on the Chapter 7 Trustee's objection to the Debtor's claims of exemption. One of the Trustee's objections was based on the alleged unconstitutionality of Mich. Comp. Laws. Ann. § 600.5451, under which the Debtor claimed certain exemptions. The Court overruled the Trustee on this issue at the hearing, noting a split in the case law with no binding authority, and finding that the statute was constitutional. The Trustee and the Debtor did not submit a proposed order to the Court memorializing the Court's decision until April 2, 2012. On that day, the Trustee submitted a proposed order that the Court then signed (docket entry no. 35). On April 4, 2012, the Trustee filed a motion for reconsideration. The Trustee asks the Court to revisit its ruling in light of Richardson v. Schafer (In re Schafer), 455 B.R. 590 (B.A.P. 6th Cir. 2011) (finding Mich. Comp. Laws Ann. § 600.5451 is unconstitutional under the Bankruptcy Clause, U.S. Const. art. I, § 8, cl. 4), and this Court's recent oral ruling made on March 16, 2012 in an unrelated case that followed In re Schafer.

The Trustee did not cite to any procedural basis for his motion. If viewed as a motion for relief from an order under Fed. R. Civ. P. 60(b), incorporated by Fed. R. Bankr. P. 9024, the only possible grounds for relief would be under Rule 60(b)(6). The U.S. Court of Appeals for the Sixth Circuit recognizes that an intervening development in the law may be grounds for relief under Rule 60(b)(6). However, "a change in decisional law is usually not, by itself, an 'extraordinary circumstance' meriting Rule 60(b)(6) relief." Blue Diamond Coal Co. v. Trustees of the UMWA

Combined Benefit Fund, 249 F.3d 519, 524 (6th Cir. 2001) (quoting Agostini v. Felton, 521 U.S. 203, 239 (1997)). "This principle holds even if a law is invalidated on state or federal constitutional grounds." Id. (citations omitted). "Instead, courts have relied on an applicable change in decisional law, coupled with some other special circumstance, in order to grant Rule 60(b)(6) relief." Id. (citations omitted). The Trustee has identified an intervening development in the law but has not articulated the "extraordinary circumstances" needed to merit relief under Rule 60(b)(6) under the Sixth Circuit standard.

Alternatively, the Trustee's motion may be viewed as a motion for reconsideration under E. D. Mich. L.B.R. 9024-1(c). However, the Trustee has not demonstrated a palpable defect by which the Court and the parties have been misled or demonstrated that a different disposition of the case must result from a correction therefrom. When the Court made its ruling in this case on April 23, 2010, it did so based upon a review of all of the relevant case law that existed as of that date. The subsequent opinion in In re Schafer, and this Court's oral ruling on March 16, 2012 that followed In re Schafer, do not mean that the Court erred in making its ruling in this case on April 23, 2010, and do not provide grounds to now change that ruling two years later. Accordingly,

IT IS HEREBY ORDERED that the Trustee's motion to reconsider the denial of the Trustee's objection to the Debtor's claim of exemptions (docket entry no. 37) is DENIED.
.
**Signed on April 05, 2012**

                                          **/s/ Phillip J. Shefferly**
                                      **Phillip J. Shefferly**
                                      **United States Bankruptcy Judge**